**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00764-CMA-KML

EUGENE WIDEMAN,

      Plaintiff,

v.

STATE OF COLORADO,

      Defendant.

---

**ORDER ADOPTING AND AFFIRMING FEBRUARY 9, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

      This matter is before the Court on the Recommendation of United States

Magistrate Judge (Doc. # 26).  The Magistrate Judge recommended that this Court

grant Defendant's Motion for Summary Judgment (Doc. # 8) and dismiss Plaintiff's

lawsuit on the basis of *res judicata* or, with regard to certain claims, the *Rooker-*

*Feldman* doctrine (Doc. # 28).  Plaintiff filed an untimely Response to the Magistrate

Judge's Recommendation, which the Court construes as an objection under Federal

Rule 72(b) and 28 U.S.C. § 636(b)(1).  Notwithstanding the late filing date, the Court

has performed a *de novo* review of the issues, the recommendations, and Plaintiff's

responses.  On the basis of this review, the Court concludes that the Magistrate Judge's

thorough and comprehensive analysis is correct.  Thus, the Court will AFFIRM AND

ADOPT the Recommendation.

## INTRODUCTION

This case is one of many involving Plaintiff that concern a parenting time and child support dispute between Plaintiff, the mother of his child, and various departments of Defendant.[1]  The genesis of Plaintiff's litigiousness is a judgment entered by the District Court, County of Pueblo, Colorado, on July 7, 1998.  This judgment, which has since been modified, established parenting time and child support obligations that form the basis for Plaintiff's claims in this lawsuit.

Plaintiff alleges five claims for relief.  He alleges that Defendant violated his constitutional rights by:  (1) allowing a "divorce court" to hear his parenting time and child support case despite the fact that he was not married to the mother of his child; (2) using guardians *ad litem* to make parenting time recommendations; (3) using a preponderance of the evidence standard in his parenting time and child support case; (4) allowing the state court to "isolate a child from one parent for more than 30 days"

---

[1]   At last count, Plaintiff was involved in at least two cases before the Colorado Court of Appeals; that court denied Plaintiff the relief he sought in both cases.  Plaintiff has also filed at least five lawsuits in this Court, two of which have already been dismissed and affirmed on appeal.

without the intervention of a trained family therapist;[2] and (5) retaliating against him for filing two federal lawsuits by increasing the amount of his child support obligations.

The Magistrate Judge recommended that the Court dismiss each of Plaintiff's claims on the basis of *res judicata*. As an alternative, and to the extent that *res judicata* did not bar claims two and five, the Magistrate Judge recommended that the Court dismiss these claims without prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Notwithstanding Plaintiff's objections, the Court agrees with the Magistrate Judge that *res judicata* precludes litigation of claims one and three, and the *Rooker-Feldman* doctrine precludes subject matter jurisdiction over claims two and five.

---

[2] In her Recommendation, the Magistrate Judge discussed only four claims, apparently concluding that this allegation did not rise to the level of a proper claim for relief. Although the Court acknowledges that Plaintiff's fourth claim is only one conclusory paragraph and lacks any factual allegations to support it, the Court interprets Plaintiff's Complaint as alleging five claims for relief. (*See* Doc. # 1 ¶ 4 ("Furthermore, the Plaintiff is challenging the practice of the State allowing it's court to isolate a child from one parent for more than 30 days . . . .").) Thus, the Court will refer to claims one through five and, for clarity's sake, point out that the claim that the Magistrate Judge labeled as Plaintiff's fourth claim, will be described in this Order as Plaintiff's fifth claim.

However, the Court's minor disagreement with the Magistrate Judge's interpretation of Plaintiff's Complaint does not alter the Court's conclusion that Defendant's Motion for Summary Judgment should be granted. Indeed, lacking any facts to support it, the Court concludes that Plaintiff's fourth claim should be dismissed for failure to state a plausible claim for relief.

**DISCUSSION**

I.   ***RES JUDICATA***

Plaintiff objects to the Magistrate Judge's conclusion that *res judicata* bars

re-litigation of his claims in this lawsuit.  However, with respect to claims one and three

and any claims relying on allegations of racial discrimination, the Court finds no error in

the Magistrate Judge's analysis.

The Magistrate Judge has already done it, so the Court need not discuss the

intricacies of *res judicata*, except to briefly note that the doctrine prohibits re-litigation of

issues decided in a previous litigation, and also litigation of "all issues that might have

been decided" in a previous lawsuit.  *See Pomeroy v. Waitkus*, 517 P.2d 396, 399

(Colo. 1974); *see also State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo.

1989).  Under both Colorado and Tenth Circuit precedent, *res judicata* has three

elements:  (1) a final judgment on the merits in the prior suit; (2) common parties or their

privies in both suits; and (3) common claims in both suits.  *See Yapp v. Excel Corp.*,

186 F.3d 1222, 1226 (10th Cir. 1999); *State Engineer*, 780 P.2d at 549.  In short, a

court must be satisfied that the party against whom the earlier litigation is asserted as

a defense had a full and fair opportunity to litigate the claim or issue asserted in the

current litigation.  *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir.

1990).

In this case, the Magistrate Judge concluded that Defendant established each

of the three elements of *res judicata* because Plaintiff's state court litigation regarding

4

parenting time and child support had reached a final judgment on the merits, his claims in this lawsuit involved parties or their privies similar to those involved in his state court litigation, and his claims in this lawsuit had already been adjudicated by the state appellate court in two separate opinions.  Plaintiff does not dispute that the earlier lawsuits reached a final judgment on the merits or that this lawsuit involves similar parties or their privies.  Rather, he contends that Defendant cannot show that Plaintiff's earlier cases "attacked" the issues of jurisdiction, racial discrimination, malicious prosecution, prosecutorial retaliation, or state custody laws.[3]  Thus, Plaintiff contends that he did not litigate the same claims in his earlier lawsuits that he now raises in this lawsuit.

Plaintiff is incorrect.  The record from the Colorado Court of Appeals reflects that Plaintiff did, in fact, raise many of the issues he raises in this lawsuit in his previous state court litigation, especially with regard to his first and third claims.

Plaintiff's first claim is, in his words, a challenge to "the Custom/Practice of the State of Colorado allowing Divorce Courts to hear custody case of none-married persons under Colorado Revised Statue (C.R.S.) 1400,ect."  (Doc. # 1 at 1, ¶ 1 (punctuation, spelling, and capitalization in original).)  Plaintiff argues that this practice violates the First, Fourth, and Fourteenth Amendments, state court precedent, and federal statutes.  (*Id.*)  However, the state court record reveals that Plaintiff lodged the

---

[3]   On this point, Plaintiff misinterprets the Magistrate Judge's Recommendation.  The Magistrate Judge did not apply *res judicata* on the basis of claims raised in Plaintiff's earlier federal lawsuits, as Plaintiff argues.  Rather, the Magistrate Judge applied *res judicata* on the basis of Plaintiff's previous state court litigation.

exact same constitutional challenge to the use of "divorce courts" in his second appeal

to the Colorado Court of Appeals that he now raises in this case.  In its order on that

appeal, the Colorado Court of Appeals stated:

> Father [Plaintiff] first contends that the district court has no jurisdiction over paternity matters.  He argues that because there is no language in the Uniform Dissolution of Marriage Act giving "divorce courts" jurisdiction over matters of paternity, **and because he and mother were never married and there was no thus no dissolution of marriage**, the case was "improperly filed" and all the court's orders "are illegal."

(Doc. # 8, Ex. 4 at 1-2 (emphasis added).)

Notwithstanding Plaintiff's generic arguments that "the issues at the heart of each

complaint are different," and the claims he raises in this case should be distinguished

from those raised in his other cases, the evidence on summary judgment establishes

that Plaintiff already had at least one opportunity to litigate the state's use of "divorce

courts" in parenting time and child support cases involving non-married parents.

In his third claim for relief, Plaintiff challenges the "State's use of the Evidentiary

Standard of 'Preponderance of Evidence in custody cases, when dealing with Parental

Responsibility, Parenting Time, and Suspension of Parenting."  (Doc. # 1 at 2, ¶ 3

(punctuation and capitalization in original).)

However, Plaintiff already raised this issue before the Colorado Court of Appeals

in his direct appeal of the 1998 parenting time and child support judgment.  Indeed, that

court stated that Plaintiff "contends that the district court violated his right to due

process by 'altering, changing, or suspending his parental rights *based on a*

*preponderance of the evidence*, and without a hearing.'"  (Doc. # 8, Ex. 3 at 4-5

(emphasis added).)  In other words, Plaintiff's challenge to the burden of proof applied by Colorado state courts in parenting time and child support disputes has already been heard and decided on its merits by the Colorado Court of Appeals.

Plaintiff also laces his Complaint with vague, unsubstantiated allegations of racial discrimination by state court judges, guardians *ad litem*, and virtually every other individual and government agency involved in his parenting and child support dispute, and subsequent lawsuits.  Plaintiff does articulate the claims for relief that these allegations support.  However, the Court need not attempt to divine the intent of Plaintiff's Complaint, because the Court agrees with the Magistrate Judge that Plaintiff has already raised these unfounded allegations in earlier litigation.  Indeed, both the state district and appellate courts have repeatedly addressed and thorough debunked these allegations, so they cannot be raised in this case.  (*See* Doc. # 8, Exs. 2 at 7-8 and 3 at 6-7.)

Moreover, and in contrast to Plaintiff's argument, the fact that the state court has modified Plaintiff's original parenting time and child support obligations in proceedings subsequent to the 1998 judgment does not alter the application of *res judicata* in this case.  Indeed, Plaintiff's second Colorado Court of Appeals case apparently arose out of one such modification and Plaintiff has not shown how any other modifications give rise to new constitutional claims that he did not already bring, or have the opportunity to bring, before the Colorado Court of Appeals.  Notwithstanding Plaintiff's argument to the

contrary, not every modification of his parenting time and child support obligations give

rises to a new constitutional claim or precludes the application of *res judicata*.

Thus, with respect to claims one and three, and to the extent that any of

Plaintiff's claims depend on allegations of racial discrimination, the Court agrees

with the Magistrate Judge that these claims should be dismissed with prejudice.

## II.    *ROOKER-FELDMAN* DOCTRINE

As an alternative basis for dismissal of Plaintiff's second and fifth claims, the

Magistrate Judge recommended that any new allegations underlying these claims

should be dismissed on the basis of the *Rooker-Feldman* doctrine.  The Court agrees.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising

jurisdiction over cases brought by state-court losers challenging state-court judgments

rendered before the district court proceedings commenced."  *Mann v. Boatright*, 477

F.3d 1140, 1147 (10th Cir. 2007).  The doctrine applies to bar lower federal courts from

considering issues that a litigant actually presented to the state court and constitutional

issues that are "inextricably intertwined" with issues ruled upon by the state court.  *See*

*Feldman*, 460 U.S. at 483-84 n. 16; *see also Erlandson v. Northglenn Mun. Court*, 528

F.3d 785, 790 (10th Cir. 2008).  To determine whether a plaintiff's constitutional claim

is inextricably intertwined with a prior state court action, federal courts should ask

"whether the injury alleged by the federal plaintiff resulted from the state court judgment

itself or is distinct from that judgment."  *Kenmen Engineering v. City of Union*, 314 F.3d

468, 476 (10th Cir. 2002) (quoting *Garry v. Geils*, 82 F.3d 1362, 1362 (7th Cir. 1996)),

*overruled in part by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).

Two exceptions to the *Rooker-Feldman* doctrine may apply.  The first exception, which Plaintiff contends is relevant here, is for cases involving a "general constitutional challenge where the party does not request that the federal court upset a prior state-court judgment applying [the contested] law against the party." *Erlandson*, 528 F.3d at 790 (internal quotations omitted) (alterations in original).  In other words, a plaintiff cannot ask the lower federal courts for constitutional relief that would reverse or undo a disputed state court judgment.  *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006).  The second exception to the doctrine allows a lower federal court to exercise jurisdiction in cases challenging state procedures for enforcement of a judgment if the propriety of the underlying judgment is not in question.  *Kenmen*, 314 F.3d at 476.

Plaintiff objects to use of the *Rooker-Feldman* doctrine and contends that this lawsuit falls into the general constitutional challenge exception because he is levying a general constitutional challenge to the state's use of guardians *ad litem* and the state's retaliatory imposition of increased child support obligations.  He further contends that not all of the injuries he alleges in this case are tied to the contested state court orders.

However, his Complaint belies his objection and establishes that Plaintiff does, in fact, seek to reverse or overturn the state court order from the Pueblo District Court. Indeed, in his first "Demand" paragraph in the Complaint, Plaintiff requests that this

Court "invalidate" orders entered by the state court "for paternity cases involving non-married parties."  In other words, Plaintiff seeks to "invalidate" the court order from his own parenting time and child support case.  He also requests that this Court order the State of Colorado to disregard any parenting time recommendations made by a guardian *ad litem* and immediately evaluate parenting time orders in cases wherein guardians *ad litem* made such a recommendation.  That is, Plaintiff requests that this Court order the State to disregard the parenting time recommendation relied upon by the Pueblo District Court in his own case, and re-evaluate the state court's parenting time decision.  These requests for relief are not general constitutional challenges; instead, the injuries that Plaintiff alleges result from the disputed state court judgments (as modified) and the relief Plaintiff seeks would require this Court to meddle with Plaintiff's existing state court custody and parenting time obligations.  Under *Rooker-Feldman*, that is not something this Court can do.

As such, the Court agrees with the Magistrate that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction to hear claims three and five.

## III.    MISCELLANEOUS OBJECTIONS

The Court can discern three other objections to the Magistrate Judge's Recommendation in Plaintiff's response brief.  Like Plaintiff's substantive objections discussed above, these objections do not merit overruling the Recommendation.

First, Plaintiff seemingly challenges the Magistrate Judge's recommendations to apply *res judicata* and the *Rooker-Feldman* doctrine on the grounds that Plaintiff did not

actually initiate a state court lawsuit.  This objection is legally untenable and, given Plaintiff's appeals, factually questionable.

Plaintiff may not have initiated the parenting time or child support proceedings in the Pueblo District Court, but Plaintiff appealed that court's orders to the Colorado Court of Appeals on two separate occasions.  As a litigant in the lower court, appellant in the intermediate court, and petitioner for certiorari, Plaintiff had a full and fair opportunity to raise certain constitutional challenges he now raises in this lawsuit. That is all that *res judicata* requires to preclude litigation of claims one and three. Indeed, the Court could not locate any authority on *res judicata* standing for the proposition that *res judicata* applies only if the party against whom the defense is raised was the initiating party in the earlier litigation.

Likewise, the *Rooker-Feldman* doctrine applies regardless of whether Plaintiff was the initiating party in the state court lawsuit that produced the judgment about which he now complains.  *See, e.g., Erlandson*, 528 F.3d at 786-87 (applying *Rooker-Feldman* doctrine in case involving federal challenge by a defendant in earlier municipal court action); *Mann*, 477 F.3d at 1144 (applying *Rooker-Feldman* to federal challenge brought by intervenor in state court probate action).  It is well established that abstention under the *Rooker-Feldman* doctrine is appropriate whenever the federal challenge is inextricably intertwined to a state court judgment, and that condition is met in this case, regardless of whether Plaintiff initiated the state court lawsuit that produced the judgment.

Second, Plaintiff questions whether the Magistrate Judge recommended dismissal of all of his pending lawsuits, including the two federal lawsuits filed after this one.  The Court is unclear where in the Magistrate Judge's Recommendation this idea germinated, but it suffices to say that the Magistrate Judge recommended dismissal of this lawsuit, No. 08-cv-764-CMA-KMT, only.  Indeed, the Magistrate Judge does not have authority or jurisdiction to recommend dismissal of lawsuits not before her, and the Court does not construe her Recommendation as trying to do so.  *See* D.C.COLO.LCivR 72.1 (describing authority and duties of magistrate judges).

Third, Plaintiff contends that the Magistrate Judge should have accepted the "complaint as being true . . . ."  (Doc. # 28 at 10.)  Plaintiff is incorrect.  On a motion for summary judgment, the Magistrate Judge may go beyond the pleadings and look at the admissible evidence submitted by the parties.  *See* Fed. R. Civ. P. 56(c) (noting that court should look to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits").  Moreover, since Defendant met its initial burden of showing that no dispute of material fact existed, Plaintiff bears the burden of producing his own specific evidence to survive summary judgment; he may not rest on his pleadings.  *See Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).  Thus, in looking beyond Plaintiff's Complaint to the summary judgment record developed by Defendant, the Magistrate Judge applied the correct standard of review in this case.

12

## IV.    FUTURE ABUSIVE LITIGATION PRACTICES MAY RESULT IN SANCTIONS

Finally, the Court will point out that abusive and vexatious filing practices by a party may result in sanctions, including monetary penalties and/or restrictions on future filings. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

The Court notes that this is Plaintiff's third federal lawsuit (of five filed by Plaintiff in this Court) related to his state parenting time and child support dispute.  It is also the third lawsuit to be dismissed for substantially similar reasons, *i.e.*, the *Rooker-Feldman* doctrine.  Therefore, the Court suggests that Plaintiff pause before continuing with additional litigation and consider whether future filings might be considered vexatious or frivolous.

The Court will not impose any sanctions at this time, but Plaintiff should consider himself warned that future filings with this Court must have an arguable basis in fact or law, lest they be considered an appropriate basis for sanctions.

### CONCLUSION

In sum, the Court agrees with the Magistrate Judge that Plaintiff has already litigated many of the issues he seeks to litigate in this lawsuit.  Thus, *res judicata* bars this Court from hearing Plaintiff's first and third claims for relief and any claims based on allegations of racial discrimination.  The Court also agrees with the Magistrate Judge that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction to

hear Plaintiff's second and fifth claims for relief.  To the extent that Plaintiff alleges a

fourth claim for relief, the Court finds that Plaintiff has not provided a single supporting

factual allegation.  Therefore, the Court dismisses the fourth claim for failure to state a

plausible claim for relief.

 Accordingly,

 IT IS ORDERED that the February 9, 2009 Recommendation of United States

Magistrate Judge (Doc. # 26) is AFFIRMED AND ADOPTED, and that Defendant's

Motion for Summary Judgment (Doc. # 8) is GRANTED; and

 IT IS FURTHER ORDERED that claims one and three are DISMISSED WITH

PREJUDICE and that claims two, four, and five are DISMISSED WITHOUT

PREJUDICE; each side to bear its own costs.

 DATED:  August  25 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge